IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

[2] DANILO CRUZ-ALMANZAR,

Defendant.

CRIMINAL 08-364 (PG)

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
RE:  RULE 11 PROCEEDINGS (PLEA OF GUILTY)

**I.     Procedural Background**

On October 30, 2008, [2] Danilo Cruz-Almanzar (hereinafter referred to as "defendant") and two other individuals were charged in a two-count indictment ( Docket 17). The defendant has agreed to plead guilty to count one and agreed with the forfeiture allegation contained in count two of the indictment.  Count one charges that on or about October 21, 2008, in the District of Puerto Rico, and within the jurisdiction of this court [1] Félix Antonio Cuevas-Medina, [2] Danilo Curz-Almanzar and [3] Ramón Luis Marrero-Ortiz, the defendants herein, aiding and abetting each other, did knowingly, and in reckless disregard of the fact that an alien or aliens had come to, entered or remained in the United States in violation of law, transported or moved such aliens within the United States, by means of transportation or otherwise, in furtherance of such violation of law, for the purpose of commercial advantage and private financial gain, all in violation of Title 8, <u>United States Code</u>, Sections 1324(a)(1)(A)(ii) & (v)(II) and Section 1324(a)(1)(B)(I).

**II.    Consent to Proceed Before a Magistrate Judge**

On March 17, 2009, while assisted by counsel Ramón González Santiago, defendant, by consent, appeared before me in order to enter a plea of guilty as to count one and his agreement with the forfeiture allegation contained in count two of the indictment. In open court the defendant was questioned as to the purpose of the hearing being held and was advised of: (a) the nature and purpose

2

of the hearing; (b) the fact that all inquiries were to be conducted under oath and that it was expected that his answers would be truthful; (c) the potential consequences of lying under oath (such as a perjury charge); and (d) his right to have the change of plea proceedings presided by a district judge instead of a magistrate judge. The defendant was also explained the differences between the appointment and functions of the two. The defendant consented to proceed before this magistrate judge.

**III.    Proceedings Under Rule 11, Federal Rules of Criminal Procedure**

**A.    Rule 11 Requirements**

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, guilty pleas must be knowing and voluntary: "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). [There are three core concerns in these proceedings]: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. United States v. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244-45 (1st Cir. 1991)). United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).

**B. Admonishment of Constitutional Rights**

To assure defendant's understanding and awareness of his rights, defendant was advised of his right:

1. To remain silent at trial and be presumed innocent, since it is the government who has the burden of proving his guilt beyond a reasonable doubt.

2. To testify or not to testify at trial, and that no adverse inference could be made in relation to his decision not to testify.

3. To a speedy trial before a district judge and a jury, at which he would be entitled to see and cross examine the government witnesses, present evidence on his behalf, and challenge the government's evidence.

4. To have a unanimous verdict rendered by a jury of twelve persons which would have to be convinced of defendant's guilt beyond a reasonable doubt by means of admissible evidence.

5. To use the subpoena power of the court to compel the attendance of witnesses.

3

Upon listening to the defendant's responses and observing his demeanor and taking into account counsel's belief that the defendant has fully understood his rights, it is determined that the defendant is aware of his constitutional rights.

**C. Consequences of Pleading Guilty**

Upon advising defendant of his constitutional rights, he was further advised of the consequences of pleading guilty. Specifically, defendant was advised that by pleading guilty and upon having him guilty plea accepted by the court, he will be giving up the above rights and will be convicted solely on his statement that he is guilty.

In response to further questioning, defendant was explained and he understood that if convicted on count one, he is exposed to a term of imprisonment of not more than ten (10) years, a fine not to exceed two hundred fifty thousand dollars ($250,000.00), and a term of supervised release of not more than three (3) years in addition to any term of incarceration. The defendant was also explained what the supervised release term means and that if he violates the conditions of supervised release, that privilege could be revoked and he could be required to serve an additional term of imprisonment. Furthermore, he was advised that parole has been abolished and that the court must impose a mandatory penalty assessment of one hundred dollars ($100) per offense pursuant Title 18, United States Code, Section 3013(a).

The defendant was advised that the ultimate sentence was a matter solely for the court to decide in its discretion and that, even if the maximum imprisonment term and fine were to be imposed upon him, he later could not withdraw his guilty plea for that reason alone or simply because he disagrees with the sentence imposed. The defendant understood this.

**D. Absence of Plea Agreement**

There is no plea agreement in this case. The defendant was explained that the court, upon imposing sentence, is not bound by the U.S. Sentencing Guidelines which are advisory. In addition, the defendant was advised that the court may impose any sentence up to the maximum possible penalty prescribed by statute. Defendant acknowledged having understood these explanations.

4

### E. Government's Evidence (Basis in Fact)

Defendant concurred with the government's proffer of the evidence that it would have proven beyond a reasonable doubt had this case proceeded to trial:  Among other things, the government proffered that Immigration and Customs Enforcement ("ICE") agents were conducting surveillance on October 21, 2008, of the La Barca restaurant in Salinas, Puerto Rico.  Two vans were parked at the restaurant waiting for the arrival of aliens in a boat. Eventually, ICE agents intervened with the vehicles in Cayey, Puerto Rico.  Defendant Cruz Almanzar was the driver of one of the vehicles which was transporting undocumented aliens.  Defendant Cruz Almanzar waived his Miranda rights and admitted his participation in the smuggling venture and that he knew that the twenty occupants in his vehicle were aliens from the Dominican Republic.  Forty-one aliens in total were intervened by ICE agents.

In addition, defendant admitted to the undersigned that he and the other two codefendants that appear named in count one of the indictment were helping each other in committing this offense, that he did this for his personal profit or gain, and that he committed this offense knowingly, that is, not by accident or mistake, but rather fully aware of what he was doing.  Therefore, it is determined that there is a basis in fact and evidence to establish all the elements of the offense charged.

### F. Voluntariness

The defendant accepted that no threats had been made to induce him to plead guilty and that he did not feel pressured to plead guilty.

### G. Special Warnings

The defendant was explained, and he understood, that as a result of entering a guilty plea, he may be subject to adverse administrative consequences, including but not limited to deportation or removal from the United States of America.

## IV. Conclusion

The defendant, by consent, has appeared before me pursuant to Rule 11, Federal Rules of Criminal Procedure, and has entered a "straight" plea of guilty as to count one and agreed to the forfeiture allegation of count two of the indictment.  After cautioning and examining the defendant

5

under oath and in open court, concerning each of the subject matters mentioned in Rule 11, as described in the preceding sections, I find that defendant [2] Danilo Cruz-Almanzar is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum statutory penalties that the same carries, understands that the charge is supported by the government's evidence, has admitted to every element of the offense charged, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea.  Therefore, I recommend that the court accept the guilty plea of the defendant and that the defendant be adjudged guilty as to count one of the indictment. I also recommend that defendant's agreement with the forfeiture allegation of count two of the indictment be accepted by the court.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of Court.  Any objections to the same must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt.  Rule 72(d), Local Rules of Court; Fed. R. Civ. P. 72(b).  Failure to timely file specific objections to the report and recommendation is a waiver of the right to review by the district court.  United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

SO RECOMMENDED.

In San Juan, Puerto Rico, this 18th day of March, 2009.

                  s/Marcos E. López
                  U.S. Magistrate Judge